IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY PEARSON,

   Plaintiff,

   v.                                                   Civil Action No. PX-17-1624

SELECT PORTFOLIO SERVICING.,
INC., *et al.*,

   Defendants.

******

On May 11, 2017, pro se Plaintiff Anthony Pearson filed suit, alleging violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601, *et seq.*, and its implementing regulation, 12 C.F.R. § 1024, by Defendants Select Portfolio Servicing ("SPS") and Specialized Loan Servicing ("SLS"), and requesting actual damages of $21.11 and any costs of this action. Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* ECF Nos. 7 & 9. Plaintiff responded and moved to file an amended complaint. ECF Nos. 13 & 14. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Pearson's motion is DENIED and Defendants' motions to dismiss are GRANTED.

    **I.    BACKGROUND**

This case arises out of a mortgage secured by property located at 1122 Blue Wing Terrace, Upper Marlboro, Maryland ("the Property"), presently the subject of a foreclosure case in the Circuit Court for Prince George's County. *See CDM v. Pearson*, Docket No. CAEF17-

0672.¹ Defendants Specialized Loan Servicing ("SLS") and Select Portfolio Servicing ("SPS") are mortgage servicers who have serviced the loan secured by the mortgage on the Property. ECF No. 2 at 3. Pearson alleges that he sent Defendants four separate written requests for information ("RFI"), and that Defendants' written responses to Pearson's RFIs "failed to address any areas of concern set forth in the RFI." ECF No. 2 at ¶ 13.

On May 11, 2017, Pearson filed a Complaint against Defendants in the Circuit Court for Prince George's County, Maryland, alleging that Defendants' responses to his RFIs violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, and its implementing regulations, 12 C.F.R. §§ 1024.1 to 1024.41 (known as "Regulation X"). *See* ECF Nos. 1 & 2. On June 14, 2017, SLS properly removed this case to the United States District Court for the District of Maryland. ECF No. 1. On June 20, 2017, SLS moved to dismiss Pearson's Complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, enter summary judgment in its favor. *See* ECF No. 7. On August 2, 2017, SPS filed its motion to dismiss also pursuant to 12(b)(6). *See* ECF No. 9.

## II.     Standard of Review

When reviewing a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].' " *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. " '[N]aked assertions' of wrongdoing necessitate some

---

¹ In a motion to dismiss, "a court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Mua v. Maryland*, No. ELH–16–01435, 2016 WL 1258469 (D. Md. Feb. 15, 2017).

2

'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a court cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). *See also Bell v. Bank of Am., N.A.*, No. RDB-13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ( "Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

**III.   Analysis**

**A.  Motion to Dismiss**

To state a claim under RESPA regarding a loan servicer's inadequate or untimely response to a RFI, a plaintiff must demonstrate that the defendant (1) was responsible for the servicing of the plaintiff's loan; (2) received a valid RFI from the plaintiff which requests information regarding a loan and allows the servicer to identify the mortgage loan account about which the request is made; and (3) failed to respond adequately or within thirty days. The

3

plaintiff must also show that he is entitled to actual or statutory damages. *See* 12 C.F.R. § 1024.36; *accord Nash v. PNC Bank, N.A.*, No. TDC-16-2910, 2017 WL 142317 at *6 (D. Md. Apr. 20, 2017).

Pearson's Complaint centers on Defendants' responses to several letters that he describes as "RFIs." Pearson asserts that Defendants' responses did not "address any area of concern set forth in the RFI" or merely promised to respond more substantively in the future. *See* 12 C.F.R. § 1024.36(d)(2); ECF No. 2 at ¶¶ 13 & 14. Pearson attaches two letters to his Complaint, which he characterizes as his requests for information. *See* ECF No. 2. One letter requests information from SPS regarding the "Holder in Due Course" of the Note, and demands production of the "UNALTERED, ORIGINAL WET INK SIGNATURE, PROMISSORY NOTE." ECF No. 2-5. A second letter, titled as a Qualified Written Request ("QWR"), is also addressed to SPS and seeks information concerning loan servicing. In that letter, Pearson disputes "the identity of a true secured lender/creditor" and "the existence of debt." ECF No. 2-3. Pearson also provides two identical letters from SPS which inform Pearson that SPS received his correspondence dated October 3, 2016 and "expect[s] to provide a response to you within the next fifteen days." *See* ECF Nos. 2-1 & 2-2.

Based on the Complaint and the attachments, Pearson does not allege *any* facts specific to SLS. Indeed, all correspondence is between Pearson and *SPS*. *See* ECF No. 7; *see also* ECF Nos. 2-1, 2-2, 2-3, 2-4 & 2-5. Because Pearson's Complaint is devoid of meaningful reference to SLS, no facts support a RESPA violation as to this defendant. *See Schaefgen v. O'Sullivan*, No. PWG-14-2992, 2015 WL 4572238 (D. Md. July 28, 2015). The Complaint as to SLS therefore must be dismissed.[2]

---

[2] SPS's motion to dismiss – to which Pearson did not respond – states that they transferred the servicing rights for Plaintiff's mortgage to another servicer in July 2009. *See* ECF No. 7-1.

As to Defendant SPS, Pearson alleges generally that he sent four letters to SPS regarding the servicing of his loan, but attaches only two letters to the Complaint. *See* ECF Nos. 2 at ¶ 11, 2-3, 2-5. One of the attached letters is unsigned and not notarized. Its contents are best described as a "show me the note" demand that challenges the mortgagor's ability to enforce the note and requests production of the original promissory note and security instrument. *See* ECF No. 2-5. Correspondence of this kind is not regulated by RESPA because it does not relate to the servicing of the loan. *Compare* ECF No. 2-5 *with* § 1024.36; *see, e.g. Bullock v. Ocwen Loan Servicing, LLC*, No. PJM-14-3836, 2015 WL 5008883, at *10 (D. Md. Aug. 20, 2015) (finding that the claim was not a communication relating to the servicing of the loan as defined by RESPA where the plaintiff requested a certified copy of the note and a time to inspect the original).

The second attached letter is dated February 14, 2017 wherein Pearson disputes both the existence of a debt and SPS's ability to service the debt, and requests proof of SPS's authorization to service the debt on behalf of the lender. ECF No. 2-3. While some elements of the February 14, 2017 correspondence could plausibly fall under RESPA, *see* § 1024.36, Pearson's claim must nonetheless fail because he does not identify in the Complaint if, when, or how SPS responded to this letter. Nor can the attached SPS letters plausibly be read to "respond" to the February 14, 2017 letter because the SPS "responses" predate the February 14 letter by several months. *See* ECF Nos. 2-1 & 2-3 (dated October 27, 2016).

Further, to the extent that the February 14 correspondence is regulated by RESPA, the Complaint fails to aver cognizable actual or statutory damages. *See* ECF No. 9-1 at 6–8; *see also* ECF No. 16 at 3–4. Pearson only seeks to recover for postage costs incurred for the four "RFIs" to Defendants, a total of $21.11. ECF No. 2 at ¶ 21. Postage costs are not actual damages

5

because they occur regardless of *and* prior to any RESPA violation, and are not "a result of" the Defendants' alleged misconduct. *See* 12 U.S.C. § 2605 (f)(1)(A); *see also Baez v. Specialized Loan Servicing, LLC*, No. 16-17292, 2017 WL 4220292, at *5 (11th Cir. Sept. 22, 2017) ("At the time the request is sent, and the postage cost incurred, no RESPA violation has occurred, nor will one necessarily occur . . . [a] cost that is incurred whether or not the servicer complies with its obligation is not a cost that is caused by or a 'result of' the failure to comply."); *Gordiano v. MGC Mortgage, Inc.*, 160 F. Supp. 3d 778, 781–82 (D. N.J. 2016) ("Courts that have directly considered the issue of pre-violation letter preparation costs have found that such costs are not actual damages under RESPA because RESPA requires the damages to flow as a result of the violation."); *Willis v. Green Tree Servicing, LLC*, No. WMN-14-3748, 2015 WL 1137681, at *4 (D. Md. Mar. 12, 2015) ("Courts have consistently dismissed complaints under RESPA if they do not allege actual damages or state merely that in a conclusory fashion the defendant caused damages to the plaintiff"). For these reasons, the Complaint does not state a valid claim under RESPA and must be dismissed.

### B. Pearson's Motion to Amend the Complaint

Pearson's motion to file an amended complaint, ECF No. 13, will be denied because it too fails to state a claim. Where, as here, a proposed amended complaint does not cure material deficiencies, permitting amendment would be futile. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Although Pearson failed to attach to his motion a copy of the proposed amended complaint as required by Local Rule 103.6(a), he specifically avers that "[t]he legal claims presented in the proposed First Amended Complaint are identical to those presented in the original Complaint." ECF No. 13. The proposed amended complaint, therefore, is futile and must be denied.

For the reasons stated in the foregoing Memorandum Opinion, it is this 23st day of February, 2018, ORDERED by the United States District Court for the District of Maryland:

1. Defendant SPECIALIZED LOAN SERVICING's Motion to Dismiss, ECF No. 7, is GRANTED, and Plaintiff ANTHONY PEARSON's claims against SPECIALIZED LOAN SERVICING, ECF No. 2, are DISMISSED;

2. Defendant SELECT PORTFOLIO SERVICING's Motion to Dismiss, ECF No. 9, is GRANTED, and Plaintiff ANTHONY PEARSON's claims against SELECT PORTFOLIO SERVICING, ECF No. 2, are DISMISSED;

3. Plaintiff ANTHONY PEARSON'S Motion for Leave to File Amended Complaint, ECF No. 14, is DENIED; and

4. The Clerk shall transmit copies of this Memorandum Opinion and Order to the parties and CLOSE this case.

| | |
|---|---|
| 2/23/2018 | /s/ |
| Date | Paula Xinis<br>United States District Judge |